**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SAID MARDANOV and<br>MANSURA MOVLANOVA<br><br>Petitioners,<br><br>-against-<br><br>JOSEPH B. EDLOW, DIRECTOR OF UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br>TODD BLANCHE, ACTING ATTORNEY GENERAL AND<br>MARKWAYNE MULLIN, ACTING SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY<br><br>Respondents. | PETITION FOR WRIT OF MANDAMUS UNDER 28 U.S.C. § 1361<br><br>Civil Action No.: |

## PETITION FOR WRIT OF MANDAMUS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### Introduction.

1. This civil action is brought pursuant to the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act (APA), 5 U.S.C. §§ 701–706, to obtain relief under 5 U.S.C. § 706(1) compelling agency action unlawfully withheld or unreasonably delayed and a writ of mandamus compelling Respondents to adjudicate a Form I-130, Petition for Alien Relative, and a Form I-485, Application to Register Permanent Residence or Adjust Status.

2. Petitioner Mansura Movlanova, a United States citizen, filed a Form I-130 on behalf of her husband, Petitioner Said Mardanov, who concurrently filed a Form I-485. The applications were filed on March 28, 2024. Petitioners were interviewed on April 4, 2025, but more than one year later, Respondents have failed to render a decision.

3. Respondents' unreasonable delay in adjudicating these applications has compelled Petitioners to seek declaratory, injunctive, and mandamus relief, as set forth in their claims under the APA and the Mandamus Act, to require Respondents to perform their non-discretionary duty to adjudicate the pending applications.

**Jurisdiction and Venue.**

4. This Court has subject matter jurisdiction over Petitioners' claims for relief under the Administrative Procedure Act, 5 U.S.C. §§ 702, 706(1), and the Mandamus Act, 28 U.S.C. § 1361, pursuant to 28 U.S.C. § 1331, because these claims present federal questions challenging only agency inaction—the failure to adjudicate Petitioners' Form I-130 and Form I-485—rather than seeking review of, or relief from, any order of removal. The Court is authorized to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5. USCIS has a non-discretionary duty to adjudicate properly filed Form I-130 and Form I-485 applications, even though the ultimate decision to grant or deny such applications is discretionary. Petitioners have properly filed such applications, and Petitioner Mardanov is designated as an "arriving alien" in his Notice to Appear. Under 8 C.F.R. § 245.2(a)(1) and 8 C.F.R. § 1245.2(a)(1)(ii), U.S. Citizenship and Immigration Services—not the Immigration Court—has jurisdiction to adjudicate adjustment-of-status applications filed by arriving aliens in removal proceedings. Accordingly, Respondents' continuing failure to adjudicate Petitioners' applications is a reviewable omission properly before this Court in support of Petitioners' APA and mandamus causes of action.

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(e)(1) because Petitioners reside in this judicial district, a substantial part of the events or omissions giving rise to the claims for relief occurred in this district, and one or more of the Respondents perform their official duties within this district.

**Parties.**

7. Petitioner SAID MARDANOV is a citizen of Russia and the beneficiary of the Form I-130 petition and applicant for the Form I-485 adjustment of status application at issue in this case. He resides in Brooklyn, New York.

8. Petitioner MANSURA MOVLANOVA is a United States citizen and the petitioner of the Form I-130 petition filed on behalf of her husband, Said Mardanov. She resides in Brooklyn, New York.

9. Respondent JOSEPH B. EDLOW is the Director of U.S. Citizenship and Immigration Services (USCIS) and is sued in her official capacity.

10. Respondent TODD BLANCHE is the Attorney General of the United States and is sued in his official capacity.

11. Respondent TODD BLANCHE is the Attorney General of the United States and is sued in his official capacity.

**Factual Background.**

13. Petitioner Mansura Movlanova is a citizen of the United States. Petitioner Said Mardanov is a citizen of Russia. They were lawfully married in New York, New York, on February 21, 2024.

14. On March 28, 2024, Petitioner Movlanova filed a Form I-130, Petition for Alien Relative, on behalf of Mr. Mardanov. Concurrently, Mr. Mardanov filed a Form I-485, Application to Register Permanent Residence or Adjust Status, based on the I-130 petition. U.S. Citizenship and Immigration Services (USCIS) issued receipt notices for both applications on April 3, 2024. (Exhibit A, B)

15. On February 21, 2025, USCIS scheduled Petitioners for an interview concerning the I-130 petition. (Exhibit C) The interview took place as scheduled on April 4, 2025, at the USCIS office located at 26 Federal Plaza, New York, NY.

16. As of the date of this filing, more than one year has passed since the interview. Respondents have not issued a decision on either the I-130 petition or the I-485 application. No Request for Evidence (RFE) or Notice of Intent to Deny (NOID) has been issued, and no further action has been taken by Respondents.

17. The delay in adjudication significantly exceeds the agency's own estimated processing times. According to USCIS's publicly available processing-time data for family-based I-

485 applications at the New York City Field Office, as of April 6, 2026, 80% of such cases are completed within approximately 11.5 months. (Exhibit D). Petitioners' applications have been pending for over two years since filing and over one year since their interview.

18. Petitioners have made multiple inquiries seeking a status update and a decision on their long-pending applications. (Exhibit E)

    a. On July 1, 2025, Mr. Mardanov initiated a service request with USCIS regarding his case being outside normal processing times. On August 7, 2025, USCIS responded that the case was still pending but had not been pending longer than normal.

    b. On July 11, 2025, an inquiry was submitted on Mr. Mardanov's behalf through the office of Congressman Hakeem Jeffries regarding the I-485 application. USCIS responded the same day, stating the case was "in queue and has not been overlooked" and was pending adjudication at the Brooklyn Field Office.

    c. On December 18, 2025, a second congressional inquiry was made on behalf of Ms. Movlanova regarding the I-130 petition. On December 22, 2025, USCIS confirmed the I-130 was "currently pending review with an Immigration Service Officer at the Brooklyn Field Office".

19. Despite these inquiries, Respondents have provided no substantive reason for the delay and have not adjudicated the applications. The responses merely confirm that the applications are pending.

20. On November 7, 2025, the Department of Homeland Security issued a Notice to Appear (NTA) placing Mr. Mardanov in removal proceedings. The NTA explicitly designates Mr. Mardanov as an "arriving alien" who was paroled into the United States at JFK International Airport on or about December 14, 2022. The removal proceedings are scheduled to commence on June 8, 2026. (Exhibit F)

21. Because the NTA classifies Mr. Mardanov as an "arriving alien" and alleges that he was paroled into the United States at JFK International Airport on or about December 14, 2022, his adjustment application is governed by the regulatory framework applicable to arriving aliens. Under that framework, USCIS retains jurisdiction to adjudicate the

adjustment-of-status application of an arriving alien, including one in removal proceedings, while an Immigration Judge generally lacks jurisdiction to adjudicate an arriving alien's adjustment application except in the narrow circumstance that the alien is renewing a previously denied application filed with USCIS after travel on advance parole. *See* 8 C.F.R. § 245.2(a)(1); 8 C.F.R. § 1245.2(a)(1)(ii); *Brito v. Mukasey*, 521 F.3d 160, 166–67 (2d Cir. 2008); *Xia v. Garland*, No. 24-2304 (2d Cir. May 19, 2025). Accordingly, the initiation of removal proceedings by filing the NTA did not divest USCIS of jurisdiction over Mr. Mardanov's pending I-485, and his placement in removal proceedings does not bar adjudication of that application.

22. To date, Petitioners remain without a decision on the I-130 petition and the I-485 application, compelling them to seek relief from this Court.

## Claims for Relief (Causes of Action)

### Claim One – Agency Action Unreasonably Delayed in Violation of the Administrative Procedure Act (5 U.S.C. § 706(1))

23. Petitioners repeat and reallege the allegations set forth in the preceding paragraphs as if fully set forth herein.

24. The Administrative Procedure Act authorizes this Court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). The adjudication of Petitioners' Form I-130 and Form I-485 constitutes discrete agency action that USCIS is required to take, and prolonged failure to do so is reviewable under the APA. *See, e.g., N-N v. Mayorkas*, 540 F. Supp. 3d 240, 262–63 (E.D.N.Y. 2021); *Almakalani v. McAleenan*, 527 F. Supp. 3d 205, 237–39 (E.D.N.Y. 2021) (both applying the *TRAC* framework to unreasonable-delay claims).

25. Courts evaluate claims of unreasonable agency delay under the six-factor test articulated in *Telecommunications Research & Action Center v. F.C.C.*, 750 F.2d 70, 80 (D.C. Cir. 1984) ("*TRAC*"), which guides the determination whether a particular delay is unreasonable in light of the agency's obligations and the interests at stake.

26. The *TRAC* factors include, among other considerations, that (1) the time agencies take to make decisions must be governed by a "rule of reason," and that courts must also take into account the nature and extent of the interests prejudiced by delay.

**Claim Two – Mandamus to Compel Performance of a Non-Discretionary Duty (28 U.S.C. § 1361)**

27. Petitioners repeat and reallege the allegations set forth in the preceding paragraphs as if fully set forth herein.

28. Under the Mandamus Act, district courts have original jurisdiction over any action in the nature of mandamus "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. A writ of mandamus is an extraordinary remedy available only when a plaintiff demonstrates (1) a clear right to the relief sought; (2) a plainly defined and peremptory, non-discretionary duty on the part of the defendant to perform the act in question; and (3) the absence of any other adequate remedy. *See N-N v. Mayorkas*, 540 F. Supp. 3d 240, 262–63 (E.D.N.Y. 2021) (analyzing mandamus and APA unreasonable-delay standards together). (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed, that statutory scheme may supply content for the rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

29. The mere passage of time, standing alone, does not establish that agency action has been unreasonably delayed, but under the *TRAC* framework courts assess delay in light of these factors and frequently treat the "rule of reason" factor as especially important. *See N-N v. Mayorkas*, 540 F. Supp. 3d 240, 259–60 (E.D.N.Y. 2021); *Almakalani v. McAleenan*, 527 F. Supp. 3d 205, 231–33 (E.D.N.Y. 2021).

30. Petitioners repeat and reallege the allegations set forth in the preceding paragraphs as if fully set forth herein.

31. The Administrative Procedure Act authorizes this Court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Courts, including this Court, evaluate unreasonable-delay claims under the six factors articulated in *Telecommunications Research & Action Center v. F.C.C.*, 750 F.2d 70, 80 (D.C. Cir. 1984) ("*TRAC*"). *See N-N v. Mayorkas*, 540 F. Supp. 3d 240, 259–63 (E.D.N.Y. 2021); *Almakalani v. McAleenan*, 527 F. Supp. 3d 205, 231–39 (E.D.N.Y. 2021).

32. Respondents' failure to adjudicate Petitioners' Form I-130 and Form I-485 for more than two years since filing, and for over a year since their April 4, 2025 interview, constitutes agency action unlawfully withheld and unreasonably delayed within the meaning of 5 U.S.C. § 706(1) when analyzed under the *TRAC* factors.

33. Under the first and most important *TRAC* factor—the "rule of reason"—the delay here is patently unreasonable. Petitioners' applications have been pending since March 28, 2024, and their interview was completed on April 4, 2025. More than a year has passed since the interview—the final substantive step in the adjudication process—with no decision, no request for evidence, and no explanation. This delay far exceeds USCIS's own published processing time, which states that 80% of similar family-based I-485 applications at the New York City office are completed within approximately 11.5 months. Respondents' own written communications confirm only that the applications are "pending review" or "in queue," without offering any substantive justification for continued inaction.

34. With respect to the second *TRAC* factor, although Congress has not imposed a fixed statutory deadline for adjudicating Forms I-130 and I-485, the statutory scheme providing for adjustment of status for immediate relatives of U.S. citizens reflects a clear congressional policy favoring family unity and the orderly, timely processing of such applications. An open-ended delay that leaves a U.S. citizen and her spouse in prolonged uncertainty is inconsistent with that legislative purpose.

35. Under the third *TRAC* factor, delays are less tolerable when human health and welfare are at stake. Respondents' prolonged failure to adjudicate the I-130 and I-485 has caused

Petitioners significant emotional and financial distress, leaving Mr. Mardanov in a state of legal limbo, unable to regularize his status, secure stable employment, travel, or plan a stable future with his U.S. citizen spouse. This uncertainty is compounded by the initiation of removal proceedings, making a decision on his adjustment application all the more critical to his and his family's well-being.

36. The fourth *TRAC* factor considers the effect of expediting delayed action on agency activities of a higher or competing priority. Here, granting relief would not require the Court to reorder agency priorities in a manner that disadvantages other applicants, because the evidentiary review and in-person interview have already been completed and all that remains is the final adjudication. Compelling Respondents to decide a case that is effectively stalled at the finish line does not improperly move Petitioners ahead of applicants awaiting initial review; rather, it ensures that this fully developed case is brought to a timely conclusion.

37. Expediting adjudication in these circumstances is materially different from ordering USCIS to accelerate the initial processing of newly filed cases in a way that would push significantly older cases further back in line. Petitioners seek only a decision on long-pending, post-interview applications that have already consumed agency resources, which minimizes any disruption to USCIS's broader caseload and mitigates the competing-priorities concern identified in the fourth *TRAC* factor.

38. Under the fifth *TRAC* factor, Petitioners' interests are severely prejudiced by Respondents' delay, as they remain without a decision on applications that determine their ability to reside together lawfully, maintain stability, and plan their family's future in the United States.

39. Under the fifth *TRAC* factor, which considers the nature and extent of the interests prejudiced by delay, the prejudice to Petitioners is manifest and ongoing. The delay denies Petitioner Movlanova, a U.S. citizen, the ability to have her husband's immigration status resolved. For Mr. Mardanov, the delay prolongs a period of profound uncertainty that inhibits his ability to fully establish his life in the United States. His ability to work and support his family is contingent on a status that Respondents have failed to adjudicate.

40. Under the sixth *TRAC* factor, the Court need not find any impropriety "lurking behind agency lassitude" in order to grant relief. The lengthy, unexplained, and prejudicial delay described above is itself sufficient to be deemed unreasonable agency action within the meaning of 5 U.S.C. § 706(1).

41. Petitioners also satisfy all elements necessary for mandamus relief. Petitioners have a clear and indisputable right to a decision on the properly filed Form I-130 and Form I-485, which are determinative of Mr. Mardanov's ability to adjust status as the immediate relative of a U.S. citizen. Respondents have a plainly defined, non-discretionary duty to adjudicate those applications—whether by granting or denying them—once properly filed and supported, and Petitioners seek only that required adjudication, not a particular outcome. Petitioners lack any other adequate remedy to secure a decision: they have submitted service requests and sought congressional assistance, and in response USCIS has repeatedly confirmed only that the applications remain pending "in queue," without providing a decision or timeline. Under these circumstances, a writ of mandamus is appropriate to compel Respondents to perform their non-discretionary duty to adjudicate Petitioners' applications.

**Requested Relief**

WHEREFORE, Petitioners respectfully request that this Court enter a judgment:

A. Declaring, consistent with Claim One, that Respondents' failure to adjudicate Petitioners' Form I-130 and Form I-485 applications constitutes agency action unlawfully withheld and unreasonably delayed within the meaning of the Administrative Procedure Act, 5 U.S.C. § 706(1);

B. Issuing a writ of mandamus, as set forth in Claim Two, compelling Respondents, their agents, and employees to adjudicate Petitioners' Form I-130, Petition for Alien Relative (Receipt No. IOE0925120335), and Form I-485, Application to Register Permanent Residence or Adjust Status (Receipt No. IOE0925120334), within thirty (30) days of this Court's order;

C. Awarding Petitioners their reasonable attorneys' fees and costs in this action pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, and any other applicable authority; and

D. Granting such other and further relief as the Court deems just and proper.

Dated: April 6, 2026

Respectfully submitted,

Inessa Faulkner, Esq.
Inessa Faulkner Law PLLC
10 Bond St Ste 480
Great Neck NY 11021
(917)379-4600
inessalaw@yahoo.com